IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID PRESTON, III, | § | |
| | § | |
| Defendant Below, | § | No. 311, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1604009646 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 27, 2017
Decided: December 11, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

This 11th day of December 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, David Preston, III, filed this appeal from a Superior Court order denying his motion for credit for time previously served. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Preston's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on April 4, 2017, Preston resolved two different cases by pleading guilty to Possession of a Firearm During the Commission

of a Felony ("PFDCF") in Criminal ID No. 1604009646 and Drug Dealing in Criminal ID No. 1604013033. Preston was sentenced as follows: (i) for PFDCF, effective April 18, 2016, three years and four months of Level V incarceration; and (ii) for Drug Dealing, eight years of Level V incarceration, suspended for one year of Level III probation. Preston did not file a direct appeal.

(3) On May 8, 2017, Preston filed a motion in Criminal ID No. 1604009646 for credit for time previously served. Preston argued he was entitled to credit for his incarceration between November 4, 2013 and May 8, 2014 on different charges (Criminal ID No. 1103021247) that were *nolle prossed* by the State on May 6, 2014. The Superior Court denied the motion, finding Preston sought credit in the wrong case. This appeal followed.

(4) The Superior Court did not err in denying Preston's motion. Under 11 *Del. C.* § 3901, Preston was entitled to Level V credit for any time he spent at Level V in default of bail or otherwise for his charges in Criminal ID No. 1604009646.[1] Nothing in Section 3901 provides for an inmate to receive credit for previous time

---

[1] 11 *Del. C.* § 3901(b) ("All sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of incarceration for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct."); 11 *Del. C.* § 3901(c) ("Any period of actual incarceration of a person awaiting trial, who thereafter before trial or sentence succeeds in securing provisional liberty on bail, shall be credited to the person in determining the termination date of sentence.").

spent at Level V for one charge against a later Level V sentence for an unrelated conviction. Preston was therefore not entitled to Level V credit against his PFDCF sentence for time he spent at Level V in Criminal ID No. 1103021247.[2] To the extent Preston makes new arguments under the United States Constitution and Delaware Constitution in his opening brief,[3] we will not consider those claims for the first time on appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *See supra* n. 1. *See also Caldwell v. State*, 2003 WL 22037726, at *1 (Del. Aug. 27, 2003) (holding defendant was not entitled to Level V credit against his 2002 convictions for time he spent on Level V for 1998 convictions that were reversed and not retried).

[3] Preston argues he is entitled to credit for his time at Level V in Criminal ID No. 1103021247 based upon the prohibition against the taking of private property for public use without just compensation in the Fifth Amendment of the United States Constitution and Article I, Section 8 of the Delaware Constitution and the prohibition against involuntary servitude in the Fourteenth Amendment of the United States Constitution. He does not cite any authority in support of these arguments.

[4] Del. Supr. Ct. R. 8.